IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| STEPHEN FUHRI, | ) |
| Plaintiff, | ) 3:17-CV-50108 |
| v. | ) |
| | ) COMPLAINT AND DEMAND FOR |
| WD SERVICES LLC, | ) JURY TRIAL |
| Defendant. | ) |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer for WD Services LLC's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Stephen Fuhri is an adult individual residing in state of Illinois.

5. Defendant, WD Services LLC ("WD Services") is a business entity which has a principal place of business located at 1712 Pioneer Ave., Ste 135, Cheyenne, WY 82001. The principal purpose of Defendant is the collection of debts already in default using mail and telephone, and Defendant regularly attempts to collect said debt.

**FACTUAL ALLEGATIONS**

6. At all pertinent times hereto, WD Services, operating under the website "YouGetFunded.com," was hired to collect a debt allegedly owed to an original creditor (the "debt").

7. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

8. At all times material hereto, Plaintiff did not and has never owed a debt to WD Services.

9. At all times pertinent hereto, WD Services made use of an automatic telephone dialing system to contact Plaintiff on his cellular telephone.

10. At all times pertinent hereto, Plaintiff never gave express consent to WD Services to call his cellular telephone.

11. In or around April 2016, WD Services LLC, initially contacted Plaintiff's cellular telephone number using an automatic telephone dialing system and/or an artificial or prerecorded voice to coerce payment of the debt, with the intent to annoy, abuse or harass such persons contacted.

12. In May and June of 2016, Defendant WD Services, repeatedly and continuously contacted Plaintiff on his cellular phone using an automated dialing system and automated voice system, in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted, including but not limited to on or about May 26, 2016, June 6, 2016, June 14, 2016, June 18, 2016, June 21, 2016, and June 28, 2016.

13. Plaintiff attempted multiple times to tell WD Services to stop calling by following the instructions provided. WD Services' automated message directed Plaintiff to "press 2" if he

did not want to receive calls anymore. Each time WD Services automated message gave this instruction Plaintiff would comply and "press 2" on his cellular phone, however, WD Services intended to and did continue to call his cellular phone.

14. Despite these efforts WD Services continued to contact Plaintiff on his cell phone but from an automated dialing system, in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted, including but not limited to on or about July, 7, 2016, July 11, 2016, July 12, 2016, July 19, 2016, July 25, 2016, August 1, 2016, August 15, 2016, August 22, 2016, August 29, 2016, and August 30, 2016.

15. Notwithstanding the above, and continuing through today's date, WD Services continues to contact Plaintiff's cellular telephone multiple times per month, using an automatic telephone dialing system and/or an artificial or prerecorded voice to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

16. WD Services acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

17. WD Services acted in a false, deceptive, misleading and unfair manner by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

18. WD Services acted in a false, deceptive, misleading and unfair manner by communicating with a non-debtor on multiple occasions.

19. WD Services acted in a false, deceptive, misleading and unfair manner by falsely representing the amount, character or legal status of the debt.

20. WD Services acted in a false, deceptive, misleading and unfair manner when they used false representations and deceptive means to collect or attempt to collect a debt.

21. WD Services knew or should have known that its actions violated the FDCPA and the TCPA. Additionally, WD Services could have taken the steps necessary to bring its actions into compliance with the FDCPA and TCPA, but neglected to do so and failed to adequately review its actions to insure compliance with said laws.

22. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

23. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

24. As a result of Defendant's conduct, Plaintiff have sustained actual damages, including, but not limited to, injury to Plaintiff' reputation, invasion of privacy, damage to Plaintiff' credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

### **FIRST CLAIM FOR RELIEF- VIOLATION OF THE FDCPA**
### **(Plaintiff v. WD Services)**

25. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

26. WD Services is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

27. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

28. The above contacts by WD Services were "communications" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

29. WD Services violated the FDCPA. WD Services' violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(2), 1692b(3), 1692c(b), 1692d, 1692d(5), 1692e(2)(A), 1692e(10) and 1692f as evidenced by the following conduct:

    (a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

    (b) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

    (c) Communicating with a non-debtor on more than one occasion;

    (d) Falsely representing the amount, character or legal status of the debt; and

    (e) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect any debt;

30. WD Services' acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

31. As a result of the above violations of the FDCPA, WD Services is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## SECOND CLAIM FOR RELIEF- VIOLATION OF THE TCPA
### (Plaintiff v. WD Services)

32. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33. WD Services initiated a myriad of telephone calls using an automatic telephone dialing system and/or an artificial or prerecorded voice to Plaintiff's cellular telephone.

34. WD Services initiated these automated calls to Plaintiff's cellular telephone using an automated telephone dialing system, which had the capacity to store or produce telephone numbers using random or sequential number generator as defined by § 227(a)(1) of the TCPA.

35. WD Services violated the TCPA. WD Services' violations include, but are not limited to, violations of 47 U.S.C. § 227(b)(1)(A)(iii), 47 U.S.C. § 227(b)(1)(B), 47 U.S.C. § 227(d)(1)(A) and 47 C.F.R.§ 64.1200 *et seq.* as evidenced by the following conduct:

   (a) initiating telephone calls to Plaintiff's cellular telephone using artificial or prerecorded voices to deliver messages without Plaintiff's express consent; and

   (b) initiating telephone calls to Plaintiff using an automated telephone dialing system that was not in compliance with the technical and procedural standards prescribed by the TCPA.

36. WD Services' acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the debt.

37. The acts and/or omissions of WD Services were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent express consent from the Plaintiff, lawful right, legal defense legal justification or legal excuse.

38. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff's to an award of statutory, actual and treble damages.

## JURY TRIAL DEMAND

39. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) Statutory damages;

(b) Actual damages;

(c) Treble damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be just and proper.

Respectfully Submitted,
**STEPHEN FURHI**

By:   s/ Larry P. Smith
      Attorney for Plaintiff

Dated: April 7, 2017

Larry P. Smith (Atty. No.: 6217162)
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 324-3532
Facsimile: (888) 418-1277
E-Mail: lsmith@smithmarco.com